PRUITT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-273-CR

DEWAYNE OREANTE PRUITT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Appellant Dewayne Oreante Pruitt of aggravated sexual assault and assessed his punishment at life imprisonment and a $10,000 fine. In his sole point, Pruitt asserts that the trial court erred in excluding evidence of the complainant's motive.  We affirm.

II. Background Facts

Pruitt and his wife, Dawn, are the biological parents of five children, three girls and two boys.  One of Pruitt’s daughters, A.P., told some of her friends at work that Pruitt had been sexually abusing her.  A week later, one of A.P.’s friends reported this to Child Protective Services (CPS) and Pruitt was subsequently charged with aggravated sexual assault.  At trial, A.P. testified that Pruitt had performed oral sex on her, digitally penetrated her, and touched her breasts and vagina.  She testified further that at one point, she told her mother about the abuse by her father and that her mom asked her what she (A.P.) wanted her (the mother) to do about the situation.  The mother also told A.P. to “not be in a room alone with him.”  A.P. stated that the abuse continued even after she told her mother about it.  A.P.’s two sisters also testified that they had been sexually abused by Pruitt.  The jury found Pruitt guilty and assessed his punishment at life in prison with a fine of $10,000. 

III. Exclusion of Evidence 

Pruitt complains that it was error to exclude evidence of the disciplinary problems he had with A.P.  The standard of review for a trial court’s decision to admit or exclude evidence is an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate abuse.  
Montgomery v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The appellate court will not reverse a trial court’s ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Id
. 

At trial, Dawn testified on direct that A.P. told her that Pruitt had sexually abused her.
(footnote: 2)  During the cross-examination, Pruitt sought to introduce testimony of recent disciplinary problems involving A.P. in order to establish A.P.’s motivation for the allegation against Pruitt.  The State objected to the evidence as inadmissible evidence of specific instances of conduct. 
 See
 
Tex. R. Evid
. 608(b).  Pruitt’s offer of proof shows that Dawn would have testified that there had been problems and conflict between A.P. and Pruitt in the months prior to A.P.’s allegations against Pruitt.  Dawn testified that Pruitt had taken A.P.’s car away from her and that A.P. was very angry at Pruitt for doing so.  The trial court sustained the State’s objection and found that the evidence was inadmissible as a specific instance of conduct offered for the purpose of attacking the witness’s credibility under rule of evidence 608(b).
(footnote: 3) 

In its brief, the State concedes that 
under the rules of evidence, specific acts of conduct may be admissible for another purpose such as to show motive or bias.  
See
 
Tex. R. Evid
. 404(b).  However, the State argues that here, the excluded testimony provided a motive for A.P. to be untruthful in regard to her 
mother
, but did not provide a motive for A.P. to be untruthful in regard to her allegations of sexual abuse by her
 father
, Pruitt. 

The trial court did not err in excluding Dawn’s testimony of the conflicts between A.P. and Pruitt in the months before A.P.’s allegations of sexual abuse by Pruitt.  
See Herrera v. State, 
No. 08-01-00152-CR, 2004 WL 321681, at *5 (Tex. App.—El Paso Feb. 20, 2004, pet. ref’d) (mem. op.) (not designated for publication) (holding trial court did not abuse discretion by refusing to allow defendant to question victim to show motive when motive was well developed through introduction of other evidence); 
cf. Carmona v. State,
 698 S.W.2d 100, 104 (Tex. Crim. App.1985) (holding trial court did not abuse discretion in refusing to permit cross-examination of state witness on pending burglary charge against witness, as witness was thoroughly cross-examined on his involvement in crime at issue and bias and prejudice of witness was patently obvious).  

We conclude, that even if the trial court did err in excluding the evidence, the error was harmless.  In this case, any motive A.P. may have had to concoct a sexual assault charge against Pruitt was well developed by Pruitt’s counsel at trial, without resort to evidence of Dawn’s testimony regarding conflicts between A.P. and Pruitt.  During his cross-examination of A.P., A.P testified that she had been upset with Pruitt when he forced her to cut back her work hours and to move out of her bedroom.  Further, A.P. testified that as between her mother and father, Pruitt was the primary disciplinarian.  Thus, A.P.’s possible motive to lie about the allegations against Pruitt was well established.  We overrule Pruitt’s sole issue.

IV. Conclusion

Having overruled Pruitt’s sole point on appeal, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Pruitt did not assert a hearsay objection to this testimony.  

3:
Rule 608 states that specific instances of conduct of a witness, for purpose of attacking or supporting the witness’s credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.  
Tex. R. Evid
. 608.